IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Retha Peirce, | ) Civil Action No.: 4:14-2927-BHH |
| )  | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| Off. Charles Bryant, Chief Randy Rizzo, ) | |
| Charlene Taylor, Josephine Isom, Donnell ) | |
| Thompson, Earline Evans Woods, and ) | |
| Tracy Edge, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendant Earline Evans Woods' Motion to Dismiss. (ECF No. 6.) In her complaint, the plaintiff asserts causes of action for (1) Violation of Fourth Amendment Prosecution (42 USC § 1983); (2) Violation of Fourth Amendment (42 USC § 1983); (3) Malicious Prosecution; (4) Abuse of Process; (5) Defamation; (6) Civil Conspiracy; and (7) Violation of First Amendment Free Speech (42 USC § 1983). (ECF No.1-1.)

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff was the mayor of the town of Atlantic Beach. (Compl. ¶ 6.) The plaintiff contends that the defendants conspired together to have her removed from office. *Id.* ¶ 7. Specifically, it is alleged that the defendants agreed and planned to have her pretextually arrested. *Id.* ¶¶ 9-11. On or about April 10, 2009, she was arrested, allegedly for leaving the scene of an accident. *Id.* After the plaintiff was "suspended from her office as mayor, the charges were dismissed. *Id.* ¶ 13.

## **STANDARD OF REVIEW**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009). Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health*

-2-

*Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

## DISCUSSION

The plaintiff first contends that the claim against her, made pursuant to 42 U.S.C. § 1983, should be dismissed because she is a private citizen and did not act pursuant to any state authority, as that statutory provision requires. It is true that purely private conduct no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under Section 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 936–37.

A private individual or entity, however, who jointly participates in alleged constitutional wrongdoing with a state or local official may be said to have engaged in "state action," satisfying that requirement of Section 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In order to state a cognizable claim that a private individual, such as Woods,

jointly participated with a state actor to violate Plaintiff's constitutional rights, Plaintiff must allege: (1) some type of conspiracy, agreement, or concerted action between the state and the private party; (2) that the state and private party shared common goals; and, (3) conduct pursuant to the conspiracy, agreement, or concerted action that violated Plaintiff's federally protected rights. *Id.*

By the thinnest margin, the plaintiff has alleged that Woods, as one of "the defendants," "conspired" and "compact[ed]" with certain government officials to have the plaintiff removed from office. (Compl. ¶¶ 7, 11.) She is presumptively included in references to "the defendants." *See id.* The evidence, of course, may show no such conspiracy or agreement sufficient to invoke Section 1983 against her, but these allegations satisfy the pleading standard.

For similar reasons, the Court cannot make any determination related to the South Carolina Tort Claims Act. There is nothing in the Complaint or the briefs of the parties that explains with whom Woods works or how precisely her conduct was related to governmental action. She may have been a private citizen acting in concert, as alleged for purposes of Section 1983, but somehow less than an employee or agent as required by the Tort Claims Act. There is simply no information on her relationship to the defendants or the State. Accordingly, no analysis can be made as to the Act's applicability at this stage. And Defendant Woods has been sued in her individual capacity.

Likewise, the Court believes that issues of fact exist as to the discovery of the respective causes of action such that the plaintiff's arguments in this respect cannot be resolved on the face of the Complaint.

**CONCLUSION**

For the foregoing reasons, the Defendant Woods' motion to dismiss is DENIED. (ECF No. 6.)

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

September 17, 2015
Greenville, South Carolina