IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Retha Peirce, | ) Civil Action No.: 4:14-2927-BHH |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Off. Charles Bryant, Chief Randy Rizzo, Charlene Taylor, Josephine Isom, Donnel Thompson, Earline Evans Woods, and Tracy Edge, | ) |
| Defendants. | ) |

[1]n July 23, 2014, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendants violated her First and Fourteenth Amendment rights during the course of her arrest and subsequent imprisonment. Plaintiff also brings state law claims for malicious prosecution, abuse of process, defamation, and civil conspiracy. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, III, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' motion for summary judgment[2] be granted. (ECF No. 63.) Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 65.) For the reasons set forth herein, the Court adopts the Report and Recommendation.

---

[1] Plaintiff's last name was spelled "Peirce" in the caption of the complaint, and, thus, was docketed as such. However, this appears to be a typographical error as her last name appears as "Pierce" in all other documents.

[2] Defendants Charles Bryant ("Bryant"), Randy Rizzo ("Rizzo"), Charlene Taylor ("Taylor"), and Josephine Isom ("Isom") filed the motion for summary judgment presently before the Court. (ECF No. 39.) Defendant Earline Evans Woods' ("Woods") separate motion for summary judgment is currently pending review. (ECF No. 61.)

1

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this matter on July 23, 2014, alleging violations of her constitutional rights and state law claims. (ECF No. 1.) Specifically, Plaintiff brings suit against Defendants under § 1983 for malicious prosecution under the Fourth Amendment, alleging, *inter alia*, that Defendants caused Plaintiff "to be restrained and prosecuted without probable cause." (*Id.* at 4.) She also brings a § 1983 claim under the First Amendment for free speech, alleging that Defendants arrested her without probable cause as a result of her decision to "conduct an assessment and financial accounting of town government." (*Id.* at 2.) Plaintiff brings state law claims for malicious prosecution, abuse of process, defamation, and civil conspiracy. (*Id.* at 5–6.)

On June 22, 2015, Defendants Bryant, Isom, Rizzo, and Taylor moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 39.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 48) and Defendants' reply (ECF No. 50), the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment be granted in part and denied in part. (ECF No. 63.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

---

[3] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff's filing (ECF No. 65) is nearly identical to her response to Defendants' motion for summary judgment (ECF No. 48).[4] Indeed, she fails to raise any arguments that would invoke *de novo* review. Accordingly, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error.

The Magistrate Judge found Plaintiff's free speech claim under § 1983 as well as her state law claims for malicious prosecution, abuse of process, and civil conspiracy are

---

[4] In addition, Plaintiff's filing is identical to her response to Defendant Woods' motion for summary judgment. (ECF No. 66.)

3

barred by the applicable statutes of limitations and the Court agrees. The Magistrate Judge first correctly found that Plaintiff's § 1983 claim for retaliation in violation of the First Amendment is governed by a three-year statute of limitations under South Carolina law. (ECF No. 63 at 5.) *See Hamilton v. Middleton*, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003) ("The statute of limitations for section 1983 causes of action arising in South Carolina is three years."). He noted that under federal law, this cause of action accrues, "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." (*Id.* (citing N*asim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)).) The Magistrate Judge correctly determined that Plaintiff knew the alleged facts giving rise to this cause of action at the time of her arrest on April 10, 2009. (*Id.* at 7.) That is, Plaintiff knew "that she neither hit another person's vehicle nor left the scene of the accident, and she had a concern that the police department had been setting her up." (*Id.*) Because Plaintiff did not file this action until nearly five years later on July 23, 2014, her First Amendment claim was appropriately dismissed as untimely.

The Magistrate Judge next correctly found that Plaintiff's state law claims for malicious prosecution and abuse of process were governed by the two-year statute of limitations under the South Carolina Torts Claims Act ("SCTCA"). (*Id.* at 7.) He noted that Plaintiff's state law malicious prosecution claim "requires a showing that judicial proceedings were terminated in the plaintiff's favor," and correctly determined that this cause of action began to accrue once Plaintiff's charges were terminated on July 26, 2011. (*Id.* at 8. (citing *Law v.S.C. Dep't of Corr.*, 629 S.E.2d 642, 648 (S.C. 2006)).) Because Plaintiff did not file this action until July 23, 2014, her state law malicious

prosecution claim was appropriately dismissed as untimely. The Magistrate Judge further correctly stated that "even assuming, without deciding, that Plaintiff's abuse of process cause of action also accrued at the conclusion of the proceedings against her, that claim, too would fall outside the statute of limitations." (*Id.*)

The Magistrate Judge next correctly found that Plaintiff's civil conspiracy claim was governed by the general three-year statute of limitations under South Carolina law. (*Id.* at 9.) As he correctly stated, this cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." (*Id.* at 9–10 (quoting *Nasim*, 64 F.3d at 955).) The Magistrate Judge appropriately found that Plaintiff was on inquiry notice that Defendants were allegedly conspiring to injure her, at the latest, on October 30, 2009, when the Governor suspended her from office. (*Id.* at 10.) Because Plaintiff did not file her civil conspiracy claim until July 23, 2014, this claim was correctly dismissed as untimely.

The Magistrate Judge next found that Plaintiff's § 1983 malicious prosecution claim failed on the merits and the Court agrees. As correctly stated by the Magistrate Judge, to succeed on this claim, "Plaintiff must show that Bryant 'deliberately or with reckless disregard for the truth made material false statements in his affidavit, or omitted from the affidavit material facts with the intent to make the affidavit misleading.'" (*Id.* at 11 (quoting *Miller v. Prince George's County Md.*, 475 F.3d 621, 627 (4th Cir. 2007)).) The Magistrate Judge summarized the evidence and appropriately found that "no reasonable juror could conclude that Bryant deliberately fabricated the facts included in his affidavit." (*Id.* at 10–14.) He considered Plaintiff's version of the events leading to her arrest and the affidavits offered by Shemeika Hudson ("Hudson") and Perry Parker

5

("Parker") supporting Plaintiff's version of events. (*Id.*) The Magistrate Judge then correctly found that "[n]one of the evidence in the record indicates that Bryant was aware of the version of events as described by Plaintiff, Hudson, and Parker. Nor is there any other evidence that would create a genuine dispute of fact that Bryant had obvious reasons to doubt the accuracy of the information he provided to obtain the warrant." (*Id.* at 15.) Accordingly, he appropriately granted summary judgment as to this claim.

Finally, the Magistrate Judge found that Plaintiff's defamation claim failed on the merits and the Court agrees. As the Magistrate Judge correctly stated, "The essential elements of a claim for defamation under South Carolina law are: 1) a false and defamatory statement; 2) unprivileged publication to a third party by defendant; 3) fault on the part of the defendant publisher; and 4) actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (*Id.* at 15 (citing *Erickson v. Jones Street Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006)).) Here, he found that "Plaintiff could not identify any specific false statements made by any specific Defendant." (*Id.* at 16.) He further found that Plaintiff could not establish defamation through her deposition testimony "that all of the defendants made defamatory statements to the general public about her being 'guilty of stuff.'" (*Id.* at 17.) He therefore correctly granted summary judgment on this claim.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the Court finds that Plaintiff's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, adopts the Report, and

6

incorporates it herein. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 39) is GRANTED and Plaintiff's claims against Defendants Bryant, Isom, Rizzo, and Taylor are DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
March 17, 2016