UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RETHA PEIRCE[1], | ) Civil Action No.: 4:14-cv-2927-BHH-TER |
| Plaintiff, | ) |
| -vs- | ) **REPORT AND RECOMMENDATION** |
| OFF. CHARLES BRYANT, CHIEF RANDY RIZZO, CHARLENE TAYLOR, JOSEPHINE ISOM, DONNELL THOMPSON, EARLINE EVANS WOODS, and TRACY EDGE, | ) |
| Defendants. | ) |

## I.     INTRODUCTION

This action arises out of Plaintiff's arrest on April 10, 2009. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of her rights under the First Amendment and Fourth Amendment. She further alleges state law claims for malicious prosecution, abuse of process, defamation, and civil conspiracy. Presently before the Court is Defendant Earline Evans Woods' Motion for Summary Judgment (Document # 61).[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), DSC. This Report and Recommendation is entered for review by the district judge.

---

[1] Plaintiff's last name was spelled "Peirce" in the caption of the complaint, and, thus, was docketed as such. However, this appears to be a typographical error as her last name appears as "Pierce" in all other documents.

[2] Summary judgment was previously granted in favor of Defendants Bryant, Isom, Rizzo, and Taylor.

**II.     FACTS**

On April 10, 2009, Defendant Bryant, who at the time was a Town police officer, responded to a report of a hit and run accident at the intersection of 31st Avenue S. and Hwy. 17 within the Town of Atlantic Beach. Incident Report (Ex. A to Def. Motion).  In making the report, Dorothy Montgomery identified Plaintiff as the person driving a white Chevrolet Trailblazer that side-swiped her vehicle. Id. At the time of the accident, Plaintiff was the Mayor for the Town of Atlantic Beach. Montgomery stated that she pulled into a parking lot to avoid hitting other cars in traffic, and she witnessed Plaintiff stop her car to look at the damage and then got back into the vehicle and drove off. Id. The Honorable Monte Lewis Harrelson, a Horry County Magistrate Judge, found probable cause and issued an arrest warrant for Plaintiff's arrest for hit and run in violation of S.C. Code Ann. § 56-5-1220 and for failing to provide proof of automobile insurance in violation of S.C. Code Ann. § 56-10-225.  Arrest Warrant (Ex. B to Def. Motion); Traffic Ticket (Ex. D to Def. Motion). Defendant Bryant transported Plaintiff to the Horry County Detention Center and Plaintiff was released on bond the following day. Pl. Dep. pp. 114, 120.[3]

Following Plaintiff's arrest, the Town Council for the Town of Atlantic Beach adopted a resolution to have Plaintiff removed as Mayor resulting from her arrest for hit and run. Pl. Dep. p. 127.

It is undisputed that Plaintiff was indicted for hit and run by a Horry County Grand Jury and that the Governor of the State of South Carolina suspended her from office as Mayor of the Town of Atlantic Beach as a result of her arrest and indictment for the April 10, 2009, hit and run. Pl. Dep.

---

[3]Defendant cites to Plaintiff's deposition, but has not attached a copy to her motion. However, certain portions of the deposition can be found in the record at Document # 39-11.

67. On July 26, 2011, the Fifteenth Circuit Solicitor's Office dismissed the hit and run charge, as a matter of prosecutorial discretion after Plaintiff was found guilty of a separate charge of resisting arrest on July 13, 2011. Pl. Dep. p. 67; Letter from Assistant Solicitor (Ex. E to Def. Motion).

Although Plaintiff names Earline Evans Woods in the caption of the complaint, she makes no other mention of her within the body of the complaint. However, it is undisputed that Woods has never been an employee of the Atlantic Beach Police Department nor was she employed by the Town of Atlantic Beach at the time of the incident in question.[4]

Plaintiff initiated this action on July 23, 2014.

### III.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. at 322. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

---

[4] Woods cites to Plaintiff's deposition testimony, in which Plaintiff admits as much, but, as stated in footnote 3, has not attached the deposition (pp. 262-65) to her motion, nor are these pages (pp. 262-65) otherwise located in the record. Nevertheless, Plaintiff does not dispute these facts in her response.

reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.    DISCUSSION**

    **A.    Statute of Limitations**

Defendant argues that all of Plaintiff's claims are barred by the applicable statutes of limitation. Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute

on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C. Code Ann. § 15–3–530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006).

Even though the limitations period is borrowed from state law, however, the calculation of when the cause of action accrued is a matter of federal law. National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir.1991). Under federal law, the cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir.1995) (citing United States v. Kubrick, 444 U.S. 111, 122–24, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259 (1979)). Defendant argues that because the arrest at issue here occurred on April 10, 2009, Plaintiff's § 1983 causes of action, filed on July 23, 2014, are untimely.

Plaintiff alleges three causes of action under § 1983, two of which appear to be essentially the same. Plaintiff's first cause of action alleges that Defendants did "imprison and prosecute the Plaintiff maliciously and without probable cause" and caused "the restrict of the Plaintiff's liberty and freedom of movement . . . without legal justification or probable cause, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from seizure of her

person without probable cause." Comp. ¶¶ 15-16.  Her second cause of action alleges that Defendants violated Plaintiff's rights under the Fourth Amendment by "causing Plaintiff to be restrained and prosecuted without probable cause." Comp. ¶ 18.  In both claims, Plaintiff appears to be alleging a malicious prosecution cause of action pursuant to § 1983.

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.  To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (citing Lambert v. Williams, 223 F.3d 257, 261 (4th Cir.2000), Durham v. Horner, 690 F.3d 183, 188 (4th Cir.2012)) (internal citations omitted).  Because one of the essential elements of such claims is that criminal proceedings were terminated in Plaintiff's favor, the cause of action does not accrue until the proceedings are terminated.  Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1996).  Plaintiff's charges were terminated on July 26, 2011.  Therefore, her claims under § 1983 for malicious prosecution were timely filed on July 23, 2014.

Plaintiff also alleges a free speech claim under § 1983.  She alleges that Defendants arrested her without probable cause as a result of her decision to "conduct an assessment and financial accounting of town government." Comp. ¶ 8.  As stated above, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.  Plaintiff argues that this cause of action also accrued only after the charges against her were dismissed.  However, dismissal of the charges was not necessary for Plaintiff to be on notice that her arrest was, as she alleged, in retaliation for her speech on matters

of public concern. Plaintiff avers in both her deposition and her affidavit that she did not report the accident to the police because she did not trust them because they were "setting [her] up." Pl. Dep. 88; Pl. Aff. p. 2. Therefore, at the time of her arrest on April 10, 2009, Plaintiff knew the alleged facts of the incident, that is, that she neither hit another person's vehicle nor left the scene of the accident, and she had a concern that the police department had been setting her up. These facts are sufficient such that a reasonable inquiry would reveal her cause of action for retaliation in violation of the First Amendment.[5] Accordingly, this cause of action, filed July 23, 2014, is barred by the statute of limitations.

Defendant argues that Plaintiff's state law claims are also barred by the statute of limitations. The parties do not dispute that the applicable statute of limitations for malicious prosecution, abuse of process, and civil conspiracy is three years pursuant to S.C. Code Ann. § 15–3–530(5). See Whitfield Constr. Co. v. Bank of Tokyo Trust Co., 338 S.C. 207, 222 n. 18, 525 S.E.2d 888, 896 n. 18 (Ct.App.1999) (abuse of process). Again, the initial factor to determine is when theses causes of action accrued.

As with a malicious prosecution claim under § 1983, one essential element to establish in a state law claim is that proceedings were terminated in the plaintiff's favor. See Broyhill v. Resolution Management Consultants, Inc., 401 S.C. 466, 473, 736 S.E.2d 867, 870-71 (Ct.App. 2012). Therefore, the cause of action does not accrue until the proceedings are terminated. As stated above, the proceedings against Plaintiff were terminated on July 26, 2011. Thus, her state law claim for malicious prosecution was timely filed on July 23, 2014.

---

[5] The undersigned notes that it has addressed this argument solely as a statute of limitations issue and has not considered the merits of Plaintiff's First Amendment claim.

A plaintiff alleging abuse of process in South Carolina must assert two essential elements: 1) an "ulterior purpose," and 2) a "willful act in the use of the process not proper in the conduct of the proceeding." Hainer v. Am. Med. Int'l, Inc., 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997); see LaMotte v. Punch Line of Columbia, Inc., 296 S.C. 66, 370 S.E.2d 711 (1988). "'Process,' as it pertains to the abuse of process tort, embraces the full range of activities and procedures attendant to litigation." Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, 351 S.C. 65, 70, 567 S.E.2d 251, 253 (Ct. App. 2002). Unlike malicious prosecution, this cause of action does not require termination in the plaintiff's favor. Plaintiff alleges that "Defendant did cause process to be issued and pursued against Plaintiff for the offense aforestated and not for the purposes intended but for ulterior purposes...." Comp. ¶ 24. "Process was issued" against Plaintiff when she was arrested on April 10, 2009, and Plaintiff asserts that Defendants had an ulterior motive because Montgomery, not Plaintiff, was the one to leave the scene of the accident. Because Plaintiff was aware of these facts at the time of her arrest, the cause of action began to accrue on April 10, 2009. Therefore, this cause of action falls outside the three-year statute of limitations.

The tort of civil conspiracy requires (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage, Vaught v. Waites, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App.1989). Plaintiff argues that Defendants worked in concert to arrest her to ultimately remove her from her office as Mayor. At some point following Plaintiff's arrest, the Town Council for the Town of Atlantic Beach adopted a resolution to have her removed as Mayor. Later, on October 30, 2009, one day following the grand jury indictment, the Governor suspended Plaintiff from her office as Mayor of the Town of Atlantic Beach. As stated above, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that

reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.  Thus, at least by October 30, 2009, Plaintiff was on inquiry notice that Defendants were allegedly conspiring to injure her. As such, her civil conspiracy cause of action, filed July 23, 2014, falls outside the three-year statute of limitations.

Unlike the other state law claims, the statute of limitations for a defamation claim is two years.  S.C. Ann. § 15-3-550(1); Evans v. Rite Aid Corp., 317 S.C. 154, 158 n.3, 452 S.E.2d 9, 11 n.3 (Ct.App. 1994).  Plaintiff alleges that "Defendants caused to be published to numerous third parties on television, internet and other media outlets statements that, Plaintiff was guilty of various criminal charges . . . [and that] this publication was false and known by Defendants to be false." Comp. ¶¶ 27-28.  It is unclear from the record when this cause of action accrued.  Thus, the court assumes for purposes of this motion that the cause of action was timely filed and will address the merits of this cause of action later in this report and recommendation.

In sum, each of Plaintiff's claims except for her § 1983 cause of action for malicious prosecution and her state law claims for malicious prosecution and defamation are barred by the applicable statutes of limitation.

### B.     § 1983 Malicious Prosecution

Before even reaching the elements for a claim under § 1983 for malicious prosecution, it is necessary to determine whether the claims was properly raised under § 1983 at all.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state

law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). As stated above, Plaintiff admits that Defendant Woods did not work for the Atlantic Beach Police Department nor was she working for the Town of Atlantic Beach at the time of the incident in question. Plaintiff fails to show that Defendant Woods ever acted under color of state law, and thus summary judgment is appropriate as to any of Plaintiff's claims under § 1983.[6]

### B.     State Law Malicious Prosecution

"[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." Parrott v. Plowden Motor Co., 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965); Eaves v. Broad River Elec. Co-op., Inc., 277 S.C. 475, 477, 289 S.E.2d 414, 415 (1982). A defendant can be liable for malicious prosecution even if she did not make or sign the affidavit or warrant if the arrest was the proximate result of the defendant's instigation and conduct. Elletson v. Dixie Home Stores, 231 565, 571, 99 S.E.2d 384, 387 (1957).

---

[6] Even if Defendant Woods could be considered a state actor for § 1983 purposes, Plaintiff admits that Defendant Woods did not arrest her and, thus, her malicious prosecution claim would fail because Plaintiff cannot show that Defendant Woods "caused a seizure of the plaintiff pursuant to legal process unsupported by probable cause." See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (citing Lambert v. Williams, 223 F.3d 257, 261 (4th Cir.2000), Durham v. Horner, 690 F.3d 183, 188 (4th Cir.2012)) (internal citations omitted).

However, Plaintiff fails to present any evidence that Woods instigated or otherwise had any involvement with the hit and run investigation, arrest, or prosecution. Therefore, this claim fails.

### C.  Defamation

"The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff." Swinton Creek Nursery v. Edisto Farm Credit, ACA, 334 S.C. 469, 484, 514 S.E.2d 126, 133 (1999) (citation omitted). The essential elements of a claim for defamation under South Carolina law are: 1) a false and defamatory statement; 2) unprivileged publication to a third party by defendant; 3) fault on the part of the defendant publisher; and 4) actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.[7] Erickson v. Jones Street Publishers, LLC, 368 S.C. 444, 455, 629 S.E.2d 653, 664 (2006). "In defamation actions involving a public official or public figure, the plaintiff must [also] prove the statement was made with actual malice, i.e., with either knowledge that it was false or reckless disregard for its truth." Elder v. Gaffney Ledger, 341 S.C. 108, 113, 533 S.E.2d 899, 901 (2000) (citing New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)). Malice must be shown by clear and convincing evidence. Miller v. City of West Columbia, 322 S.C. 224, 228, 471 S.E.2d 683, 685 (1996) ("To recover on a claim for defamation, the Constitutional actual malice standard requires a public official to prove by clear and

---

[7]With respect to the fourth element, defamation that is actionable irrespective of special harm is defamation per se, which includes defamatory statements regarding 1) the commission of a crime, 2) contraction of a loathsome disease, 3) adultery, 4) unchastity, or 5) unfitness in one's business or profession. Fountain v. First Reliance Bank, 398 S.C. 434, 442, 730 S.E.2d 305, 309 (S.C.2012) (citing Goodwin v. Kennedy, 347 S.C. 30, 36, 552 S.E.2d 319, 322-23 (S.C.Ct.App.2001)).

convincing evidence that the defamatory falsehood was made with the knowledge of its falsity or with reckless disregard for its truth."). The parties do not dispute that Plaintiff is a public official.

Plaintiff fails to show that Woods made any false statements about her. In her deposition, Plaintiff was asked how Woods defamed her. Plaintiff replied that Woods did not want her in town, told people not to vote for her, and told people to look at how she dresses. Pl. Dep. 240-46. However, these comments reflect Woods' opinions about Plaintiff; they do not qualify as not false statements, and, thus, are not actionable as defamation. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20, 110 S. Ct. 2695, 2706, 111 L. Ed. 2d 1 (1990) (recognizing that "a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection").

Plaintiff also testifies that "[w]ell in general, they all made defamatory statements. . . [t]o the citizens in general when they're saying that I'm guilty of stuff I'm not guilty of." Pl. Dep. 169-70. The South Carolina Court of Appeals has held that similar claims of defamation were too vague to establish that a false and defamatory statement was made by the defendants to third-parties. McBride v. School Dist. of Greenville County, 389 S.C. 546, 562, 698 S.E.2d 845, 853 (Ct. App. 2010). In McBride, the plaintiff argued that "the District superintendent . . . 'made public comments about [plaintiff], her arrest, and her [alleged] misconduct'" and that "'one of the accounts attributed comments to unnamed teachers from the School District.'" Id. at 559, 698 S.E.2d at 851. The court commented that "these are vague references to the local newscasts concerning [plaintiff's] arrest and are not specific enough to evaluate." Id. at 562, 698 S.E.2d at 853. Likewise, Plaintiff's deposition testimony that all of the defendants made defamatory statements to the general public about her being "guilty of stuff" is insufficient to establish a defamation claim. Accordingly, summary

judgment is appropriate on Plaintiff's defamation cause of action.

## V.     CONCLUSION

In sum, for the reasons discussed above, Plaintiff's free speech claim under § 1983 and her state law causes of action for malicious prosecution, abuse of process, and civil conspiracy are untimely and, thus, barred by the applicable statutes of limitation.  Further, Plaintiff fails to present sufficient evidence to create a genuine dispute of material fact with respect to her § 1983 malicious prosecution claim and her state law defamation claim.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Document # 61) be granted and all claims against Defendant Woods be dismissed.[8]

                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

March 23, 2016
Florence, South Carolina

---

[8] If the district judge accepts this recommendation, the only defendants remaining in this case will be Donnell Thompson and Tracy Edge.  Neither of these Defendants has appeared in this action.  However, no proof of service of the summons and complaint has been filed as to either Thompson or Edge.  Fed.R.Civ.P. 4(m) provides that a summons and complaint must be served within 120 days of the filing of the complaint. If such service does not occur, the court can either dismiss the case or, if plaintiff shows good cause for the failure to serve, order that service be made by a specified time.  It is recommended that Defendants Thompson and Edge be dismissed from this case for lack of service and the case be dismissed in its entirety, unless Plaintiff is able to show, within the time allowed for filing objections, proof of service on these Defendants or good cause for why service has not been made.